IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lisa Porter,<br><br>*On behalf of herself and those similarly situated*,<br><br>       Plaintiff,<br><br>    v.<br><br>Jim N Nicks Alabaster, LLC; Jim N Nicks Auburn, LLC; Jim 'N Nick's Bar B Q Homewood, Inc.; Jim 'N Nick's Bar B Q Riverchase, Inc.; Jim 'N Nick's Bar B Q South, Inc.; Jim N Nicks Birmingham, LLC; Jim N Nicks Gardendale, LLC; Jim N Nicks Jasper, LLC; Jim N Nicks Management, LLC; Jim N Nicks Montgomery East, LLC; Jim 'N Nick's of Huntsville, LLC; Jim N Nicks Trussville, LLC; Jim N Nicks Tuscaloosa, LLC; Jim N Nicks 5 Points, LLC; Jim N Nicks Charleston, LLC; Jim N Nicks Atlanta I, LLC, Jim N Nicks Memphis I, LLC; Jim N Nicks Nashville, LLC; Jim N Nicks Nashville II, LLC; Brian Lyman; John Haire; John Doe Corp. 1-10; and John Doe 1-10;<br><br>       Defendants. | Civil Action No.  2:21-cv-01706-BHH |

COLLECTIVE ACTION COMPLAINT

## I. Introduction

1.    Lisa Porter, on behalf of herself and all similarly-situated individuals, bring this

action against Defendants Jim N Nicks Alabaster, LLC; Jim N Nicks Auburn, LLC; Jim 'N Nick's

Bar B Q Homewood, Inc.; Jim 'N Nick's Bar B Q Riverchase, Inc.; Jim 'N Nick's Bar B Q South,

Inc.; Jim N Nicks Birmingham, LLC; Jim N Nicks Gardendale, LLC; Jim N Nicks Jasper, LLC; Jim N Nicks Management, LLC; Jim N Nicks Montgomery East, LLC; Jim 'N Nick's of Huntsville, LLC; Jim N Nicks Trussville, LLC; Jim N Nicks Tuscaloosa, LLC; Jim N Nicks 5 Points, LLC; Jim N Nicks Charleston, LLC; Jim N Nicks Atlanta I, LLC, Jim N Nicks Memphis I, LLC; Jim N Nicks Nashville, LLC; Jim N Nicks Nashville II, LLC;  Brian Lyman; John Haire; John Doe Corp. 1-10; and John Doe 1-10 (collectively, "Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with overtime wages as required by the Fair Labor Standards Act ("FLSA").

2.      Plaintiff Lisa Porter worked for Defendants at Jim 'N Nick's Community Bar-B-Q ("Jim 'N Nick's Community Bar-B-Q") at Defendants' North Charleston, South Carolina location.

3.      Plaintiff and her fellow servers at Jim 'N Nick's Community Bar-B-Q have been subject to the same policies and practices that violate the FLSA.

4.      Plaintiff brings this action on behalf of herself and similarly situated current and former servers at Jim 'N Nick's Community Bar-B-Q restaurant who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b), to remedy violations of the FLSA by Defendants.

**II. Jurisdiction and Venue**

5.      Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

6.      Venue in this Court is proper under 28 U.S.C. § 1391(b).

**III. Parties**

**Plaintiff**

**Lisa Porter**

7.    Plaintiff is an individual residing in Charleston County, South Carolina.

8.    Plaintiff has given written consent to join this action.

9.    At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

**Defendants**

**Jim N Nicks Alabaster, LLC**

10.    Defendant Jim N Nicks Alabaster, LLC is a foreign limited liability company, with its headquarters in Birmingham, Alabama.

11.    Jim N Nicks Alabaster, LLC's owner and President is Brian Lyman.

12.    Jim N Nicks Alabaster, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

13.    Jim N Nicks Alabaster, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

14.    Jim N Nicks Alabaster, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

15.    Jim N Nicks Alabaster, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

16.    Jim N Nicks Alabaster, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Auburn, LLC**

17.    Defendant Jim N Nicks Auburn, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

18.    Jim N Nicks Auburn, LLC's owner and president is Brian Lyman.

19.    Jim N Nicks Auburn, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

20.    Jim N Nicks Auburn, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

21.    Jim N Nicks Auburn, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

22.    Jim N Nicks Auburn, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

23.    Jim N Nicks Auburn, LLC's gross revenue exceeds $500,000 per year.

**Jim 'N Nick's Bar B Q Homewood, Inc.**

24.    Defendant Jim 'N Nick's Bar B Q Homewood, Inc. is a foreign limited liability company with its headquarters in Birmingham, Alabama.

25.    Jim 'N Nick's Bar B Q Homewood, Inc.'s owner and president is Brian Lyman.

26.    Jim 'N Nick's Bar B Q Homewood, Inc. is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

27.    Jim 'N Nick's Bar B Q Homewood, Inc. applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

28.    Jim 'N Nick's Bar B Q Homewood, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

29.    Jim 'N Nick's Bar B Q Homewood, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

30.    Jim 'N Nick's Bar B Q Homewood, Inc.'s gross revenue exceeds $500,000 per year.

**Jim 'N Nick's Bar B Q Riverchase, Inc.**

31.    Defendant Jim 'N Nick's Bar B Q Riverchase, Inc. was a foreign limited liability company with its headquarters in Birmingham, Alabama

32.    Jim 'N Nick's Bar B Q Riverchase, Inc.'s president and owner was Brian Lyman.

33.    Jim 'N Nick's Bar B Q Riverchase, Inc. was an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

34.    Jim 'N Nick's Bar B Q Riverchase, Inc. applied or caused to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

35.    Jim 'N Nick's Bar B Q Riverchase, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

36.    Jim 'N Nick's Bar B Q Riverchase, Inc. was an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

37.     Jim 'N Nick's Bar B Q Riverchase, Inc.'s gross revenue exceeds $500,000 per year.

**Jim 'N Nick's Bar B Q South, Inc.**

38.     Defendant Jim 'N Nick's Bar B Q South, Inc.  is a foreign limited liability company with its headquarters in Hoover, Alabama.

39.     Jim'N Nick's Bar B Q South, Inc.'s owner and president is Brian Lyman.

40.     Jim 'N Nick's Bar B Q South, Inc is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

41.     Jim 'N Nick's Bar B Q South, Inc. is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

42.     Jim 'N Nick's Bar B Q South, Inc applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

43.     Jim 'N Nick's Bar B Q South, Inc maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

44.     Jim 'N Nick's Bar B Q South, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

45.     Jim 'N Nick's Bar B Q South, Inc.'s gross revenue exceeds $500,000 per year.

**Jim N Nicks Birmingham, LLC**

46.     Defendant Jim N Nicks Birmingham, LLC is the founder, owner, and operator of all of the Defendant entities.

47.    Defendant Jim N Nicks Birmingham, LLC is a limited liability company incorporated in Delaware with its headquarters in Alabama.

48.    Jim N Nicks Birmingham, LLC's president and owner is Brian Lyman.

49.    Jim N Nicks Birmingham, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

50.    Jim N Nicks Birmingham, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

51.    Jim N Nicks Birmingham, LLC   maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

52.    Jim N Nicks Birmingham, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

53.     Jim N Nicks Birmingham, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Gardendale, LLC**

54.    Defendant Jim N Nicks Gardendale, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

55.    Jim N Nicks Gardendale, LLC's owner and president is Brian Lyman

56.    Jim N Nicks Gardendale, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

57.    Jim N Nicks Gardendale, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

58.     Jim N Nicks Gardendale, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

59.     Jim N Nicks Gardendale, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

60.      Jim N Nicks Gardendale, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Jasper, LLC**

61.     Defendant Jim N Nicks Jasper, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

62.     Jim N Nicks Jasper, LLC's owner and president is Brian Lyman

63.     Jim N Nicks Jasper, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

64.     Jim N Nicks Jasper, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

65.     Jim N Nicks Jasper, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

66.     Jim N Nicks Jasper, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

67.      Jim N Nicks Jasper, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Management, LLC**

68.     Defendant Jim N Nicks Management, LLC is a foreign limited liability company incorporated in Delaware with its headquarters in Birmingham, Alabama.

69.     Jim N Nicks Management, LLC's owner and president is Brian Lyman.

70.     Jim N Nicks Management, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

71.     Jim N Nicks Management, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

72.     Jim N Nicks Management, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

73.     Jim N Nicks Management, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

74.      Jim N Nicks Management, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Montgomery East, LLC**

75.     Defendant Jim N Nicks Montgomery East, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

76.     Jim N Nicks Montgomery East, LLC's owner and president is Brian Lyman.

77.     Jim N Nicks Montgomery East, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

78.     Jim N Nicks Montgomery East, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's

Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

79.    Jim N Nicks Montgomery East, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

80.    Jim N Nicks Montgomery East, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

81.    Jim N Nicks Montgomery East, LLC's gross revenue exceeds $500,000 per year.

**Jim 'N Nicks of Huntsville, LLC**

82.    Defendant Jim 'N Nicks of Huntsville, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

83.    Jim 'N Nicks of Huntsville, LLC's owner and president is Brian Lyman.

84.    Jim 'N Nicks of Huntsville, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

85.    Jim 'N Nicks of Huntsville, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

86.    Jim 'N Nicks of Huntsville, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

87.     Jim 'N Nicks of Huntsville, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

88.      Jim 'N Nicks of Huntsville, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Trussville, LLC**

89.     Defendant Jim N Nicks Trussville, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

90.     Jim N Nicks Trussville, LLC's owner and president is Brian Lyman.

91.     Jim N Nicks Trussville, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

92.     Jim N Nicks Trussville, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

93.     Jim N Nicks Trussville, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

94.     Jim N Nicks Trussville, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

95.      Jim N Nicks Trussville, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Tuscaloosa, LLC**

96.     Defendant Jim N Nicks Tuscaloosa, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

97.     Jim N Nicks Tuscaloosa, LLC's owner and president is Brian Lyman.

98.     Jim N Nicks Tuscaloosa, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

99.     Jim N Nicks Tuscaloosa, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

100.     Jim N Nicks Tuscaloosa, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

101.     Jim N Nicks Tuscaloosa, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

102.      Jim N Nicks Tuscaloosa, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks 5 Points, LLC**

103.     Defendant Jim N Nicks 5 Points, LLC is a foreign limited liability company incorporated in Jefferson County, Alabama and registered in Montgomery, Alabama.

104.     Jim N Nicks 5 Points, LLC's owner and president is Brian Lyman.

105.     Jim N Nicks 5 Points, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

106.     Jim N Nicks 5 Points, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

107.     Jim N Nicks 5 Points, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

108.    Jim N Nicks 5 Points, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

109.    Jim N Nicks 5 Points, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Charleston, LLC**

110.    Defendant Jim N Nicks Charleston, LLC is a domestic limited liability company with its registered agent in West Columbia, South Carolina.

111.    Jim N Nicks Charleston, LLC's owner and president is Brian Lyman.

112.    Jim N Nicks Charleston, LLC's local owner is John Haire.

113.    Jim N Nicks Charleston, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

114.    Jim N Nicks Charleston, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

115.    Jim N Nicks Charleston, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

116.    Jim N Nicks Charleston, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

117.    Jim N Nicks Charleston, LLC's gross revenue exceeds $500,000 per year.

**Jim N Nicks Atlanta I, LLC**

118.    Defendant Jim N Nicks Atlanta I, LLC is a foreign limited liability company with its headquarters in Birmingham, Alabama.

119.    Jim N Nicks Atlanta I, LLC's owner and president is Brian Lyman.

120.    Jim N Nicks Atlanta I, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

121.    Jim N Nicks Atlanta I, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

122.    Jim N Nicks Atlanta I, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

123.    Jim N Nicks Atlanta I, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

124.     Jim N Nicks Atlanta I, LLC gross revenue exceeds $500,000 per year.

**Jim N Nicks Memphis I, LLC**

125.    Defendant Jim N Nicks Memphis I, LLC is a Tennessee limited liability company with its principal office in Hoover, Alabama.

126.    Jim N Nicks Memphis I, LLC's owner and president is Brian Lyman.

127.    Jim N Nicks Memphis I, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

128.    Jim N Nicks Memphis I, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

129.    Jim N Nicks Memphis I, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

130.     Jim N Nicks Memphis I, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

131.      Jim N Nicks Memphis I, LLC gross revenue exceeds $500,000 per year.

**Jim N Nicks Nashville, LLC**

132.     Defendant Jim N Nicks Nashville, LLC is a Tennessee limited liability company with its principal office in Hoover, Alabama

133.     Jim N Nicks Nashville, LLC's owner and president is Brian Lyman.

134.     Jim N Nicks Nashville, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

135.     Jim N Nicks Nashville, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

136.     Jim N Nicks Nashville, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

137.     Jim N Nicks Nashville, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

138.      Jim N Nicks Nashville, LLC gross revenue exceeds $500,000 per year.

**Jim N Nicks Nashville II, LLC**

139.     Defendant Jim N Nicks Nashville II, LLC is a Tennessee limited liability company with its principal office in Hoover, Alabama.

140.     Jim N Nicks Nashville II, LLC's owner and president is Brian Lyman.

141.    Jim N Nicks Nashville II, LLC is an "employer" of Plaintiff and similarly situated servers as that term is defined by the FLSA.

142.    Jim N Nicks Nashville II, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all servers at Jim 'N Nick's Community Bar-B-Q, including policies, practices, and procedures relating to payment of minimum wages.

143.    Jim N Nicks Nashville II, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

144.    Jim N Nicks Nashville II, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

145.    Jim N Nicks Nashville II, LLC gross revenue exceeds $500,000 per year.

**Brian Lyman**

146.    At all relevant times, Brian Lyman has been actively involved in managing the operations of Jim 'N Nick's Community Bar-B-Q.

147.    At all relevant times, Brian Lyman has had control over Defendants' pay policies.

148.    At all relevant times, Brian Lyman has had power over personnel and payroll decisions at Jim 'N Nick's Community Bar-B-Q.

149.    On at least one occasion, Brian Lyman has been involved in the decision to hire, fire, and/or discipline employees who worked at Jim 'N Nick's Community Bar-B-Q.

150.    At all relevant times, Brian Lyman has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

151.    At all times relevant, Brian Lyman has had the power to transfer the assets and liabilities of each of the named corporate defendants.

152.    At all relevant times, Brian Lyman has had the power to declare bankruptcy on behalf of each of the named corporate defendants.

153.    At all relevant times, Brian Lyman has had the power to enter into contracts on behalf of each of the named corporate defendants.

154.    At all relevant times, Brian Lyman has had the power to close, shut down, and/or sell each of the named corporate defendants.

155.    Jim 'N Nick's Community Bar-B-Q functions for Brian Lyman' profit.

156.    Brian Lyman has influence over how Jim 'N Nick's Community Bar-B-Q can be run more profitably.

**John Haire**

157.    At all relevant times, John Haire has been actively involved in managing the operations of Jim 'N Nick's Community Bar-B-Q locations in the Charleston, South Carolina region.

158.    At all relevant times, John Haire has had control over Defendants' pay policies.

159.    At all relevant times, John Haire has had power over personnel and payroll decisions at Jim 'N Nick's Community Bar-B-Q.

160.    On at least one occasion, John Haire has been involved in the decision to hire, fire, and/or discipline employees who worked at Jim 'N Nick's Community Bar-B-Q.

161.    At all relevant times, John Haire has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

162.    At all times relevant, John Haire has had the power to transfer the assets and liabilities of some of the named corporate defendants.

163.    At all relevant times, John Haire has had the power to declare bankruptcy on behalf of some of the named corporate defendants.

164.    At all relevant times, John Haire has had the power to enter into contracts on behalf of some of the named corporate defendants.

165.    At all relevant times, John Haire has had the power to close, shut down, and/or sell some of the named corporate defendants.

166.    Jim 'N Nick's Community Bar-B-Q functions for John Haire's profit.

167.    John Haire has influence over how Jim 'N Nick's Community Bar-B-Q can be run more profitably.

**Doe Corporations 1-10**

168.    Upon information and belief, Defendants own and operate other corporate entities and/or limited liability companies that also comprise part of Jim N Nick's Community Bar-B-Q, qualify as "employers" of Plaintiff and the servers at Jim N Nick's Community Bar-B-Q as that term is defined by the FLSA.

169.    Upon information and belief, Brian Lyman owns and/or operates, in whole or in part, a number of other entities that make up part of Jim 'N Nick's Community Bar-B-Q.

170.    The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

171.    Upon information and belief, there are additional individuals who also qualify as "employers of Plaintiff and the servers at Jim 'N Nick's Community Bar-B-Q as that term is defined by the FLSA.

172.    Upon information and belief, Jim 'N Nick's Community Bar-B-Q and Brian Lyman have entered into co-owner relationships with a number of business partners, and those individuals might also qualify as "employers" of Plaintiff and the delivery drivers at Jim 'N Nick's Community Bar-B-Q as that term is defined by the FLSA.

173.    The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## IV.    Facts

### COLLECTIVE-WIDE FACTUAL ALLEGATIONS

174.    During all relevant times, Defendants have operated Jim 'N Nick's Community Bar-B-Q

175.    Plaintiff and the similarly situate  d persons she seeks to represent are current and former servers employed by Defendants at Jim 'N Nick's Community Bar-B-Q.

176.    The servers' claims focus on Defendants' failure to properly compensate their servers for their hours worked in excess of forty (40) hours each week.

**Overtime Tipped Wage Underpayment**

177.    Defendants pay their servers a tip credit minimum wage of $2.13 per hour for the hours they work up to forty (40) hours each week.

178.    By paying $2.13 per hour for regular rate hours, Defendants were required to pay $5.755 per hour for all overtime hours worked.

179.    Rather than paying $5.755 per hour, Defendants paid $3.62 per hour for each hour of overtime.

180.    As a result, Defendants underpay Plaintiff and similarly situated servers by $2.134 per hour ($5.755 - $3.62) for each hour worked in excess of 40 per workweek.

181.    Defendants underpaid their servers during each week that the employees worked exclusively in a tipped wage capacity.

**Failure to Inform Servers of the Requirements for Taking a Tip Credit**

182.    Defendants failed to properly inform servers of the requirements for taking a tip credit under the FLSA.

183.    Defendants told servers only that they would be paid $2.13 per hour and the appropriate overtime rate.

184.    Defendants did not explain the requirements for taking a tip credit.

185.    Defendants failed to inform servers of the amount of the cash wage that is to be paid to them by Defendants.

186.    Defendants failed to inform servers of the additional amount by which the wages of the servers are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee.

187.    Defendants failed to inform servers that all tips received by them must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

188.    Defendants failed to inform servers that the tip credit shall not apply to any employee who has not been informed of these requirements of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59.

## PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS

189.    Consistent with their policies, patterns, and practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Lisa Porter**

190.    Plaintiff Lisa Porter has worked as a server at the North Charleston Jim 'N Nick's Community Bar-B-Q restaurant from 2013 to the present.

191.    Plaintiff typically works more than 40 hours per week for Defendants.

192.    As a server, Plaintiff's primary job duties include waiting on guests.

193.    Plaintiff is paid $2.13 per hour for all hours she works as a server up to 40 hours per week.

194.    Defendants take a tip credit of $5.12 for each hour Plaintiff works as a server up to 40 hours per week.

195.    When Plaintiff works as a server for more than 40 hours per week, she is paid an overtime rate of $3.62 per hour for the hours she works in excess of 40 hours.

196.    For the hours she works in excess of 40, Defendants are required to compensate Plaintiff at a rate of 1.5 times minimum wage minus the tip credit: ($7.25 x 1.5) – $5.12 = $5.755.

197.    Defendants underpay Plaintiff by $2.135 per hour ($5.755 - $3.62) for each hour of overtime she works.

198.    In addition, in taking a tip credit while paying Plaintiff less than the wage she is owed, Defendants have failed to properly take a tip credit.

199.    Plaintiff was never provided accurate notice of the tip credit provisions of the FLSA by Defendants.

200.    Defendants never informed and Plaintiff was never aware that the Defendants improperly took a tip credit on their minimum wage and overtime wage obligations.

## V.     Collective Action Allegations

201.    Plaintiff brings this action on behalf of herself and all similarly situated current and former servers employed at Jim 'N Nick's Community Bar-B-Q (the "FLSA Collective").

202.    At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of failing to provide notice of the tip credit as required by the FLSA and refusing to pay the proper payrate and overtime premium rate. Plaintiff' claims are essentially the same as those of the FLSA Collective.

203.    Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

204.    Defendants are aware or should have been aware that the conduct described herein is prohibited by federal law.

205.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

206.    The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

207.    The FLSA Collective members are readily identifiable and ascertainable.

208.    For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and contact information are readily available from Defendants' records.

209.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

**VI.**    **Causes of Action**

<u>**Count 1**</u>
**Failure to Pay Minimum Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

210.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

211.    Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

212.    Plaintiff and the FLSA Collective were not given proper notice of the tip provisions of the FLSA.

213.    Defendants improperly took a tip credit larger than the federally allowable tip credit in calculating Plaintiff and the FLSA Collective's overtime premium wage rates.

214.    As a result of Defendants' policies and practices, they were not permitted to take a tip credit from the wages of Plaintiff and the FLSA Collective.

215.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

216.    Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

217.    As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**<u>Count 2</u>**
**Failure to Pay Overtime Premium Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

218.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

219.    Plaintiff and the FLSA Collective worked more than forty hours in one or more workweeks.

220.    Defendants failed to pay Plaintiff and the FLSA Collective time-and-a-half overtime wages minus a tip credit for the hours they worked over forty hours per week.

221.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

222.    Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

223.    As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**WHEREFORE**, Plaintiff Lisa Porter prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.    Unpaid minimum wages and an equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.    Unpaid overtime premium wages and an equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

D.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

E.    An award of prejudgment and post-judgment interest.

F.    An award of costs and expenses of this action, together with reasonable attorneys'
fees and expert fees.

G.    Such other legal and equitable relief as the Court deems appropriate.


Respectfully submitted,

/s/ Glenn V. Ohanesian
Glenn V. Ohanesian
Ohanesian & Ohanesian
504 North Kings Highway
P. O. Box 2433
Myrtle Beach, SC 29578
Telephone: 843-626-7193
Facsimile: 843-492-5164
Email: OhanesianLawFirm@cs.com

Andrew Biller (*pro hac vice application
forthcoming*)
Trial Counsel
Andrew Kimble (*pro hac vice application
forthcoming*)
Philip Krzeski (*pro hac vice application
forthcoming*)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
513-452-3442 (Phone)
614-340-4620 (Fax)
(abiller@billerkimble.com)
(akimble@billerkimble.com)
(pkrzeski@billerkimble.com)

Attorneys for Plaintiff

## Jury Demand

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Glenn V. Ohanesian
Glenn V. Ohanesian
Ohanesian & Ohanesian
504 North Kings Highway
P. O. Box 2433
Myrtle Beach, SC 29578
Telephone: 843-626-7193
Facsimile: 843-492-5164
Email: OhanesianLawFirm@cs.com